**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3481

*Counsel for Consolidated Plaintiffs Mary*
*Loughran, Rosemary Orlando, Edward Carr,*
*Donald Saunders, Michael Davis and*
*Terrance "TJ" McDonald and Interim*
*Class Counsel*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOUGHRAN, et al. <br><br> Plaintiffs, <br><br> v. <br><br> THE CHARLES SCHWAB CORPORATION, et al, <br><br> Defendants. <br><br> This Document Relates to: <br> ALL ACTIONS | Case No. 24-cv-07344-FLA-E <br><br> [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** <br><br> **DISCOVERY MATTER** <br><br> Judge: Fernando L. Aenlle-Rocha <br> Magistrate Judge: Charles F. Eick |

-1-
**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, among and by the parties to the above-captioned action ("**Action**"), through their undersigned counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and it is hereby ordered by the Court, that:

1.      This Stipulated Protective Order Governing the Production and Exchange of Confidential Information ("**Protective Order**") shall govern the handling of documents, electronically stored information, testimony and all other information produced by or between the parties in this Action or by third parties in connection with the Action (whether formal or informal), and all information provided, submitted, or exhibited by the parties hereto or third parties in connection with any evidentiary hearings or other proceedings conducted during the course of the Action.

2.      As used herein:

  a.      "**Confidential Information**" means information contained or disclosed in any Discovery Material, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any Designating Party.

  b.      "**Counsel**" means outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified here: Bernstein Litowitz Berger & Grossmann LLP, Rosca Scarlato LLC, Simmons Hanly Conroy LLP, Berger Montague PC, Williams Dirks Dameron LLC, Oakes & Fosher, LLC, Gibson, Dunn & Crutcher LLP, and Morgan, Lewis & Bockius LLP. "Counsel" also includes in-house attorneys for Charles Schwab & Co., Inc., The Charles

-2-

Schwab Corporation, and Ameritrade of New York, Inc. (formerly known as TD Ameritrade, Inc.), and any paralegals, secretaries, and other support staff supporting those attorneys.

c. "**Designating Party**" means a party or any nonparty that designates Discovery Material that it or another party or nonparty produces in disclosures or in response to discovery requests as Confidential Information.

d. "**Discovery Material**" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including but not limited to documents, disclosures, testimony, transcripts, answers to interrogatories, responses to requests for admissions, or tangible things), that are produced or generated in connection with any discovery in this Action, whether formally or informally and whether produced by the parties or any third party.

e. "**Receiving Party**" shall mean the party to this Action and/or any nonparty receiving "Confidential Information" in connection with discovery in this Action.

3. A Designating Party may designate Confidential Information as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY."

a. Designation as "**CONFIDENTIAL**": Any Designating Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such Designating Party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such Designating Party or could infringe upon privacy or other confidentiality rights of the Designating Party, its personnel, customers, or other persons.

-3-

STIPULATED PROTECTIVE ORDER

b.   Designation as "**HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY**": Any Designating Party may designate information as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such Designating Party and its counsel, the information is among that considered to be most sensitive by the Designating Party, including but not limited to trade secrets or other confidential research, development, financial or other commercial information, or sensitive or private personal information.

4.   Except as otherwise provided in this Protective Order, Discovery Material that qualifies for protection under this Protective Order must be clearly designated as Confidential Information in the following manner before or at the time it is disclosed or produced:

a.   *Documents*. For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), including image files and extracted text produced with electronically stored information, a Designating Party producing the documents must affix the legend (i.e., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY") on each page that contains Confidential Information. In the case of Discovery Material that is produced in native form, the Designating Party shall designate the Discovery Material as Confidential Information by (i) placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" on a TIFF placeholder image bearing the production number of the document, (ii) including the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" in the file name, or (iii) including the legend

-4-

**STIPULATED PROTECTIVE ORDER**

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" in a metadata field of a database load file.

b.   *Depositions.* For testimony given in deposition, the deposition or portions of the deposition may be designated as containing Confidential Information subject to the provisions of this Protective Order. Such designation must be made on the record during the proceeding whenever possible, but a Designating Party may also designate portions of deposition transcripts as containing Confidential Information by informing the court reporter and all counsel of record, in writing, within fifteen (15) business days after receipt of a deposition transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential. During the 15-business-day period after receipt of a deposition transcript, the entire deposition transcript will be treated as if it had been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" if any portion thereof is requested to be designated as Confidential Information at the time of the deposition or during the 15-business-day period. A Disclosing Party will have the right to exclude from attendance at any deposition, during such time as Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) identified in paragraphs 8 and 9 below.

c.   *Court Proceedings.* For testimony given in other pretrial or trial proceedings before the Court, a Designating Party may designate any Discovery Material as Confidential Information in accordance with the Court's procedures.

-5-

STIPULATED PROTECTIVE ORDER

d. *Other Discovery Material.* For any other Discovery Material, a Designating Party producing it must affix the legend in a prominent place on the exterior of the item, or on the container or containers in which the item is stored. If only portions of the item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions with the legend, and shall otherwise notify the Receiving Party in writing of the portions of the item warranting protection.

e. *Discovery Material Produced By Another.* For Discovery Material produced by a party other than a Designating Party, the Designating Party may provide written notice to all Receiving Parties of its designation of the Discovery Material as Confidential Information promptly upon receipt and identification of the Discovery Material as Confidential Information, after which a Receiving Party shall treat the Discovery Material as Confidential Information in accordance with this Protective Order.

5. All designated Confidential Information shall be held in confidence by Counsel, each Receiving Party, and each Receiving Party's counsel and used solely for the purpose of this Action, unless and until the Designating Party agrees in writing, or the Court orders, that such Discovery Material is no longer deemed Confidential Information. No Counsel, Receiving Party, or any Receiving Party's counsel may use, transfer, disclose, or communicate in any way Confidential Information to any person not subject to this Protective Order. Any other use or disclosure, expressly including any use in litigation that is not this Action, is prohibited unless approved by the Court. The receipt of designated Confidential Information by expert witnesses or consultants defined in paragraph 8(e) below shall not prevent such person or entity from serving as an expert or consultant in

-6-

connection with the Action. This Protective Order shall not limit or restrict any person with respect to its handling of its own Confidential Information.

6.    Counsel for each party to the Action and each person receiving designated Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If designated Confidential Information is disclosed by a Receiving Party to any person other than a person authorized by this Protective Order, the Receiving Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the Designating Party and, without prejudice to any rights and remedies of the Designating Party, make every effort to prevent further disclosure by the Receiving Party and by the person(s) receiving the unauthorized disclosure.

7.    All designated Confidential Information must be retained in the custody of Counsel, except that independent experts and/or their support staff authorized to view such information under the terms of this Protective Order may retain custody of copies such as are necessary for their participation in this Action.

8.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Information designated as "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" only to:

a.    The named plaintiffs in this Action (i.e., Mary Loughran, Rosemary Orlando, Edward Carr, Donald Saunders, Michael Davis, Terrance "T.J." McDonald) (collectively "**Plaintiffs**"), *provided that*: (i) Plaintiffs' counsel may only disclose such Confidential Information to Plaintiffs that counsel in good faith believes is necessary to facilitate representation of Plaintiffs' or the putative class's interests in this Action, including, without limitation, court and mediation filings and drafts thereof; (ii) personally identifiable information of about non-parties is

-7-

anonymized; (iii) wherever feasible, Plaintiffs' counsel avoids sending Plaintiffs electronic or hard copy documents containing Highly Confidential Information (e.g., using screen-sharing technology); and (iv) Plaintiffs destroy or return to Plaintiffs' counsel all Highly Confidential Information promptly after completion of the task for which Plaintiffs' counsel deemed disclosure necessary under (i) above;

b.    Counsel;

c.    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, jury consultants and mock jurors, or other litigation support services) that Counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

d.    systems that facilitate the review of data, subject to restrictions on the use of AI Models set forth below in paragraph 10;

e.    any agreed-upon or ordered mediator and that mediator's personnel, provided, however, that such mediator first reviews this Protective Order and executes Exhibit A before such Confidential Information is furnished, shown or disclosed to them;

f.    expert witnesses or consultants and/or their support staff, retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein, provided, however, that such witnesses or consultants and/or their support staff first review this Protective Order and execute Exhibit A

-8-

before such Confidential Information is furnished, shown or disclosed;

g.    the Court, court personnel, and the jury, subject to obligations to file under seal set forth herein;

h.    any individual who Counsel for the Receiving Party have a good faith basis to believe is an author or recipient (including those referenced as "cc" or "bcc" recipients on a document) of the Confidential Information or who had access to or the authority to access or obtain such Confidential Information in the normal or authorized course of business (including but not limited to such persons' supervisor(s) at or after the time the material was created);

i.    any officer before whom a deposition or testimony is taken, including stenographic reporters and videographers and any necessary secretarial, clerical or other personnel of such officer;

j.    during their depositions, witnesses, and attorneys for witnesses, in the Action provided: (1) the deposing party requests that the witness sign Exhibit A; and (2) they will not be permitted to keep any Confidential Information unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

k.    any other person agreed to in writing by the Designating Party.

-9-

9.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Information designated as "CONFIDENTIAL" only to:

a.    all persons identified in this Protective Order as being permitted under paragraph 8 above to receive Confidential Information identified as "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY"; and

b.    the parties to this Action, the parties' employees, the parties' insurers, and counsel to their insurers.

10.    The Parties agree that a Receiving Party may use artificial intelligence software and services (together, an "**AI Model**") to aid in the processing, review, and analysis of Discovery Material, provided however that any such AI Model must protect the confidentiality of the Confidential Information as required by this Protective Order. No Receiving Party may submit any Discovery Material to an AI Model that is open or available to the public, including ChatGPT and similar tools. No Receiving Party may submit any Discovery Material to any proprietary or closed AI Model unless it first ensures that the AI Model will not learn from, be trained upon, or otherwise incorporate the Discovery Material for any purpose other than the prosecution or defense of this Action. Before a Receiving Party submits Confidential Information to an AI Model, the Receiving Party shall make certain that such Confidential Information will not be accessible to unauthorized persons and that it can be deleted from the AI Model in accordance with paragraph 18 of this Protective Order.

11.    If any Discovery Material has been inadvertently produced without a Designating Party's labeling or otherwise designating it as Confidential Information, the Designating Party may give written notice to each Receiving Party that the material produced is deemed designated Confidential Information and should be treated as such under this Protective Order. The Designating Pary shall provide such

-10-

written notice within five (5) business days of its discovery that the material was inadvertently produced without designating it as Confidential Information. Once the Designating Party so notifies a Receiving Party, the Receiving Party must: treat the inadvertently produced Discovery Material as designated Confidential Information; if the Receiving Party disclosed the inadvertently produced Discovery Material before receiving the Designating Party's notice, notify the Designating Party in writing of each such disclosure; and use its best efforts to retrieve all distributed copies of such inadvertently produced Discovery Material.

12.   A Receiving Party shall not be obligated to challenge the designation of Discovery Material as Confidential Information at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a Receiving Party objects to the designation of Discovery Material as Confidential Information, such party must notify, in writing, counsel for the Designating Party of the grounds for the objection.  The parties thereafter shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved within seven (7) business days of receipt of such written notice, the Designating Party may seek appropriate relief from the Court on an expedited schedule to be established by the Court. Pending the resolution of such motion by the Court and any subsequent appeal therefrom, the parties agree to treat the Discovery Material that is the subject of the motion in accordance with the Designating Party's designation. A party may use Confidential Information in connection with any challenge, including by describing it generally and in a manner that does not publicly disclose the designated Confidential Information. The Designating Party shall at all times carry the initial burden of establishing that the contested information merits designation as Confidential Information.

13.   A Receiving Party who seeks to file with the Court any document that contains designated Confidential Information shall follow the procedures of this Court for filing documents conditionally under seal, including preparing and serving

-11-

an application to file the document under seal. The Designating Party will have the obligation to file a motion to permanently seal the documents pursuant to the applicable rules.  Documents may be filed under seal only as provided in the Local Rules for the U.S. District Court for the Central District of California and Section II.E.1 of Judge Aenlle-Rocha's Procedures.

14.    In the event that the Receiving Party is requested or required by law to disclose any Confidential Information in another action or proceeding, the Receiving Party shall provide the Designating Party with prompt—but in no event no more than five (5) business days'—written notice of any such request or requirement to enable the Designating Party to seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order, provided, however, that nothing in this Protective Order shall be interpreted to obligate the Receiving Party to seek such a protective order or other remedy.

15.    Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

16.    This Protective Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. A party discovering that it produced privileged or other protected material shall provide written notice of the same to another party within a reasonable time after such discovery. The party that produced the materials must specifically and individually (e.g., by Bates numbers) identify to the Receiving Party the privileged material or other protected material (the "**Identified Material**") that it produced. Upon receipt of written notification of the Identified Material, the Receiving Party shall have ten (10) days to: (1) return or destroy any such materials and any copies that may exist as requested by the producing party; or (2) sequester such materials and notify the producing party in writing of an objection to the claim of privilege or protection, along with the grounds for the objection, and/or an assertion that any privilege or protection has been waived. Except as otherwise

-12-

provided herein, the Receiving Party shall make no use of the Identified Material (including notes or work product relying thereon) during any aspect of this action or in any other matter, including in depositions or at trial, unless the Court determines that the Identified Material is not privileged, protected, or otherwise improperly produced or upon agreement of the parties. A party's disclosure of privileged material shall not constitute a waiver with respect to such privileged material or generally of any applicable privilege, immunity, or protection. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate after receiving notice of the producing party's disclosure, and the receiving party may use the Identified Material for the purpose of any such challenge, but may only file Identified Material in camera. The producing party shall retain the burden of establishing the privileged or protected nature of any disclosed information. Nothing in this Protective Order overrides counsel's ethical responsibilities to refrain from examining or disclosing materials that such counsel knows or reasonably should know to be privileged and to inform the producing party that such materials have been produced.

17.    Upon final termination of this Action, including any and all appeals, each Receiving Party shall destroy, and purge from all electronic devices and machine-readable media, all designated Confidential Information. Upon the request of a Designating Party, a Receiving Party shall certify in writing that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, Counsel may retain in a secure manner and in confidence all pleadings, motion papers, discovery responses, transcripts, deposition and trial exhibits, legal memoranda, correspondence, work product and attorney-client communications that include or are derived from Confidential Information.

**STIPULATED PROTECTIVE ORDER**

18. This Protective Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of Confidential Information as inappropriate under applicable law.

19. This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

20. This Protective Order is entered without prejudice to the right of any party or nonparty to oppose production of any documents or information for any reason. The existence of this Protective Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. When serving any subpoena in this Action on a nonparty to the Action, a copy of this Protective Order shall be included with the subpoena.

22. This Protective Order shall be binding upon any future party to the Action.

23. This Protective Order may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

Dated:      June 4, 2026

/s/ Adam H. Wierzbowski
Salvatore J. Graziano (*pro hac vice*)
salvatore@blbglaw.com
John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
Michael D. Blatchley (*pro hac vice*)
michaelb@blbglaw.com
Adam H. Wierzbowski (*pro hac vice*)

/s/ Joseph E. Floren
Joseph E. Floren, SBN 168292
joseph.floren@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

-14-

**STIPULATED PROTECTIVE ORDER**

adam@blbglaw.com
**BERNSTEIN LITOWITZ**
**BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

-and-

Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3481

Thomas I. Sheridan, III (*pro hac vice*)
tsheridan@simmonsfirm.com
Sona R. Shah (*pro hac vice*)
sshah@simmonsfirm.com
**SIMMONS HANLY CONROY LLP**
112 Madison Avenue
New York, NY 10016
Telephone: (212) 784-6404
Facsimile: (212) 257-8482

Alan L. Rosca (*pro hac vice*)
arosca@rscounsel.law
**ROSCA SCARLATO LLC**
2000 Auburn Drive Ste 200
Beachwood, OH 44122
Telephone: (216) 946-7070

-and-

Paul J. Scarlato (*pro hac vice*)
pscarlato@rscounsel.law
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
W. Conshohocken, PA 19428
Telephone: (216) 946-7070

Arjun P. Rao, SBN 265347
arjun.rao@morganlewis.com
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071-3132
Telephone: (213) 612-2500
Facsimile: (213) 612-2501

Matthew C. McDonough (*pro hac vice*)
matthew.mcdonough@morganlewis.com
Natali De Corso, SBN 353304
natali.decorso@morganlewis.com
Boston, MA 02110
Telephone: (617) 341-7700
Facsimile: (617) 341-7701

Jason J. Mendro, SBN 220842
jmendro@gibsondunn.com
Russell B. Balikian  (*pro hac vice*)
rbalikian@gibsondunn.com
Andrew D. Ferguson (*pro hac vice*)
aferguson@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street,  N.W.
Washington, D.C. 20036

Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for Defendants*

-15-

*Counsel for Plaintiffs Mary Loughran,*
*Rosemary Orlando, Edward Carr,*
*Donald Saunders, Michael Davis and*
*Terrance McDonald and Interim Class*
*Counsel*

## SIGNATURE ATTESTATION

All electronic signatures ("/s/") are signed with consent of counsel in accordance with Rule 5-4.3.4(a)(2) of the Local Rules for the U.S. District Court for the Central District of California.

/s/ Adam H. Wierzbowski
Adam H. Wierzbowski

**SO ORDERED.**

Dated:   ___June 4___, 2026

The Honorable Charles F. Eick
United States Magistrate Judge

-16-

**STIPULATED PROTECTIVE ORDER**

**Exhibit A**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY LOUGHRAN, et al., | Case No. 24-cv-07344-FLA-E |
| Plaintiffs, | |
| v. | **AGREEMENT TO PROTECT** |
| THE CHARLES SCHWAB CORPORATION, et al., | **CONFIDENTIAL INFORMATION** |
| Defendants. | |
| This Document Relates to: ALL ACTIONS | |

I, _____, state that:

My address is _____.

My present employer is _____.

My present occupation or job description is _____.

I have received a copy of the Stipulated Protective Order Governing the Production and Exchange of Confidential Information (the "**Protective Order**") entered in the above-referenced Action.

I have carefully read and understand the provisions of the Protective Order.

I will comply with and agree to be bound by all of the provisions of the Protective Order.

I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action, any Confidential Information that is disclosed to me. At the conclusion of the litigation or as instructed by the Designating Party, I will either return all such Confidential Information, including all copies and reproductions thereof, to the party or attorney from whom I received it, or destroy all such Confidential Information.

-17-

**STIPULATED PROTECTIVE ORDER**

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Protective Order in this Action.

Executed on _____          _____
                        (Date)                                              (Signature)

**STIPULATED PROTECTIVE ORDER**